

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

ALVIN REEVES,
a/k/a "Al,"
a/k/a "A-Dog,"
a/k/a "Ol Boy,"

Defendant.

CRIMINAL NO. 15- 10215

VIOLATIONS:

18 U.S.C. § 1349 -
Bank Fraud Conspiracy

18 U.S.C. §§ 1344 & 2 –
Bank Fraud

18 U.S.C. §§ 1028A(a)(1) & 2 -
Aggravated Identity Theft

18 U.S.C. § 982
Criminal Forfeiture

## INDICTMENT

COUNT ONE:        (18 U.S.C. § 1349 – Bank Fraud Conspiracy)

The Grand Jury charges that:

1.    At all times relevant to this Indictment:

    a.    Defendant Alvin Reeves ("Reeves"), a/k/a "Al," a/k/a "A-Dog," a/k/a "Ol

Boy," an individual, resided in the District of Massachusetts.

    b.    Khary Jones ("Jones"), a coconspirator not charged as a defendant in this

Indictment, resided in the District of Massachusetts.

    c.    RBS Citizens, N.A. ("Citizens") and Santander Bank, N.A. ("Santander")

were financial institutions operating in Massachusetts, Connecticut, New Hampshire, Rhode

1

Island, and elsewhere, whose deposits were insured by the Federal Deposit Insurance Corporation. Citizens and Santander offered, among other products and services, checking and savings accounts to their retail and commercial customers.

      d.     Victim A, Victim B, Victim C, Victim D, and Victim E, whose identities are known to the grand jury, resided in Massachusetts or New Jersey and were authorized signatories on either personal or commercial accounts with Citizens.

## OBJECT OF THE CONSPIRACY

2.     It was the object of the conspiracy for Reeves, Jones, and coconspirators known and unknown to the grand jury to obtain personal and commercial bank account information regarding Citizens and Santander customers ("Victims"), and to impersonate the Victims for the purpose of making unauthorized withdrawals from the Victims' bank accounts.

## MANNER AND MEANS OF THE CONSPIRACY

3.     Reeves, Jones, and coconspirators unlawfully obtained information regarding the Victims' bank accounts, including from bank employees who were not authorized to disclose customer information.

4.     Reeves, Jones, and coconspirators sought and obtained information for corporate accounts and for Victims with high account balances so that unauthorized withdrawals would go unnoticed by the Victims.

5.     Reeves, Jones, and coconspirators created and obtained counterfeit means of identification, including driver's licenses and credit and debit cards, in order to impersonate the Victims inside Citizens and Santander branches and to make unauthorized withdrawals from the Victims' accounts.

6. Reeves, Jones, and coconspirators obtained and shared with each other the Victims' personally identifiable information ("PII"), including dates of birth, addresses, and Social Security Numbers, to use in order to impersonate the Victims.

7. Reeves, Jones, and coconspirators obtained copies of the Victims' authentic signatures from official documents, including publicly recorded documents and cancelled checks, in order to impersonate the Victims' signatures when making unauthorized withdrawals from the Victims' accounts.

8. Reeves drove Jones and other coconspirators to Citizens and Santander branches, where Jones and other coconspirators identified themselves as Victims, and made, and attempted to make, unauthorized withdrawals and wire transfers out of the Victims' accounts.

9. To avoid detection of the scheme, Reeves, Jones and coconspirators attempted and made several withdrawals from each of the Victims' accounts at different Citizens and Santander branches throughout Massachusetts and New Hampshire.

*Victim A – January 2014*

10. On the dates and approximate times below, Jones entered Citizens branches at the locations below, presented a counterfeit Connecticut driver's license in the name of Victim A, and made and attempted to make the following unauthorized withdrawals and wire transfers from Victim A's Citizens account number ending in 3970:

| DATE | TIME | BRANCH | AMOUNT |
|------|------|--------|--------|
| 01/10/14 | 17:28 | Tewksbury | $9,000 |
| 01/10/14 | 17:37 | Tewksbury | $7,000 |
| 01/11/14 | 16:57 | Sharon | $8,000 |

| DATE | TIME | BRANCH | AMOUNT |
|------|------|--------|--------|
| 01/13/14 | 16:42 | Raynham | $8,400 |
| 01/14/14 | 11:57 | Raynham | $75,000 |
| 01/17/14 | 18:46 | Framingham | $7,500 |
| 01/19/14 | 14:38 | Abington | $6,200 |
| 01/22/14 | 15:07 | Acton | $8,400 |
| 01/24/14 | 16:25 | Seekonk | $66,500 (attempt) |

*Victim B – February 2014*

11.     On or about February 19, 2014, Reeves sent Jones a text message containing the address and Social Security Number of Victim B.

12.     On or about February 21, 2014, Jones entered a Citizens branch in Belmont, Massachusetts, identified himself as Victim B, and attempted to withdraw $9,000 from Victim B's Citizens account number ending in 3827.

*Victims C and D – March and April 2014*

13.     On or about March 18, 2014, Reeves sent Jones a text message that contained pictures of the signature block for a document signed by Victim D, the authorized signatory on a Citizens commercial bank account ending in 1013.

14.     On or about April 8, 2014 at approximately 12:39 p.m., an unidentified coconspirator sent Reeves a text message containing the complete account numbers for Victim C's Citizens account ending in 2720.

4

15.     On or about April 8, 2014 at approximately 3:06 p.m., Jones entered a Citizens branch in Hampton Falls, New Hampshire, identified himself as Victim D, and attempted to withdraw funds from Victim D's account.

16.     At approximately 3:08 p.m. on April 8, 2014, after the teller refused to complete the withdrawal because Jones did not know the name of Victim D's company, Jones sent a text message to Reeves stating "911!!!!!"

17.     At approximately 4:10 p.m. on April 8, 2014, Jones sent a text message to Reeves stating, "Gimme a location in Portsmouth real quick bruh."    Reeves responded by text message, "Ok."

18.     At approximately 4:11 p.m. on April 8, 2014, Jones sent a text message to Reeves, asking if Jones had the correct account name for Victim C's company.    Reeves responded by text message that he did.

19.     At approximately 5:30 p.m. on April 8, 2014, Jones entered a Citizens branch in Portsmouth, New Hampshire, identified himself as Victim C, the authorized signatory on a Citizens commercial bank account ending in 4735, and attempted to withdraw $10,000 from that account.

20.     On or about April 9, 2014, Jones entered a Citizens branch in Worcester, Massachusetts, identified himself as Victim D, and attempted to withdraw $3,800 from Victim D's account.

21.     On or about April 10, 2014, Reeves drove Jones to a Citizens branch in Stoughton, Massachusetts, knowing that Jones was going to attempt to withdraw money by impersonating a Citizens customer.

5

22.     On or about April 10, 2014, in Stoughton, Massachusetts, Jones entered the
Citizens branch, identified himself as Victim D, and attempted to withdraw $3,800 from Victim
D's commercial bank account.

*Victim E – May 2014*

23.     On or about April 24, 2014, Reeves sent a text message to a coconspirator
("CC1") stating that Reeves had recruited two women to serve as bank customers – one who
could pass for a woman between 25 and 36 and one who could pass as an "older Woman 36 to
54."

24.     Several hours later, CC1 replied by text message to Reeves that CC1 "got 2 just
what you asked for" and asked Reeves to call CC1.

25.     CC1 then sent Reeves by text message the names, Social Security Numbers, dates
of birth, and addressees of two women:   Victim E, who was then 63, and a 38-year-old woman.

26.     On or about May 5, 2014 at approximately 4:20 p.m., a female coconspirator
("CC2") entered a Citizens branch in Plymouth, Massachusetts, identified herself as Victim E,
and withdrew $4,400 from Victim E's account number ending in 6204.

27.     In this fashion, Reeves, Jones, and their coconspirators stole and attempted to
steal more than $250,000 from Victims' accounts at Citizens and Santander between in or about
July 2013 and in or about July 2014.

6

28. From at least as early as July 2013 until in or about July 2014, in the District of Massachusetts and elsewhere,

ALVIN REEVES,
a/k/a "Al,"
a/k/a "A-Dog,"
a/k/a "Ol Boy,"

knowingly and intentionally conspired and agreed with Khary Jones, and other persons known and unknown to the grand jury to commit bank fraud contrary to Title 18, United States Code, Section 1344, namely, to knowingly execute a scheme to defraud financial institutions and to obtain moneys, funds, and other property owned by, and under the custody and control of, financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, that is, the impersonation of bank customers to make unauthorized withdrawals from their personal and commercial accounts.

All in violation of Title 18, United States Code, Section 1349.

COUNTS TWO THROUGH TEN:          (18 U.S.C. § 1344 – Bank Fraud)

The Grand Jury further charges that:

29.     Paragraphs 1 through 27 of Count 1 of the Indictment are hereby incorporated as

if set forth fully below.

30.     On or about the dates and times specified in the table below, in the locations in

the District of Massachusetts identified in the table below and elsewhere,

ALVIN REEVES,
a/k/a "Al,"
a/k/a "A-Dog,"
a/k/a "Ol Boy,"

knowingly executed and attempted to execute a scheme to defraud Citizens Bank and to obtain

moneys, funds, and other property owned by, and under the custody and control of Citizens

Bank, by means of materially false and fraudulent pretenses, representations, and promises, by

making and attempting to make unauthorized withdrawals from the Victims' accounts as set

forth below.

| COUNT | VICTIM | ACCOUNT | DATE | TIME | BRANCH | AMOUNT |
|-------|--------|---------|------|------|--------|--------|
| 2 | A | 3970 | 01/10/14 | 17:27 | Tewksbury | $9,000 |
| 3 | A | 3970 | 01/14/14 | 11:57 | Raynham | $75,000 |
| 4 | A | 3970 | 01/17/14 | 18:46 | Framingham | $7,500 |
| 5 | A | 3970 | 01/24/14 | 16:25 | Seekonk | $66,500 (attempt) |
| 6 | B | 3827 | 02/21/14 | 18:09 | Belmont | $9,000 (attempt) |
| 7 | C | 4735 | 04/08/14 | 18:05 | Sturbridge | N/A (attempt) |
| 8 | D | 1013 | 04/09/14 | 18:44 | Worcester | $3,800 (attempt) |

8

| COUNT | VICTIM | ACCOUNT | DATE | TIME | BRANCH | AMOUNT |
|-------|--------|---------|----------|-------|-----------|-------------------|
| 9 | D | 1013 | 04/10/14 | 18:48 | Stoughton | $3,800 (attempt) |
| 10 | E | 6204 | 05/05/14 | 16:20 | Peabody | $4,400 |

All in violation of Title 18, United States Code, Sections 1344 and 2.

COUNT ELEVEN:          (18 U.S.C. § 1028A(a)(1) - Aggravated Identity Theft)

The Grand Jury further charges that:

31.     Paragraphs 1 through 9 and 11 and 12 of Count 1 of the Indictment are hereby incorporated as if set forth fully below.

32.     Between on or about February 19, 2014 and on or about February 22, 2014, in the District of Massachusetts and elsewhere,

> ALVIN REEVES,
> a/k/a "Al,"
> a/k/a "A-Dog,"
> a/k/a "Ol Boy,"

did, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, a felony violation contained in chapter 63 of Title 18 of the United States Code -- namely, the conspiracy to commit bank fraud charged in Count 1 -- knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely, Victim B's name, address, and Social Security Number.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

10

## FORFEITURE ALLEGATIONS
### 18 U.S.C. § 982(a)(2)(A)

33. Upon conviction of any of the offenses alleged in Counts 1 through 10 of this Indictment, the defendant,

ALVIN REEVES,
a/k/a "Al,"
a/k/a "A-Dog,"
a/k/a "Ol Boy,"

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation. The property to be forfeited includes, but is not limited to, a money judgment for at least $327,900 in United States currency.

34. If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

it is the intent the United States of America, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of

11

any other property of the defendant up to the value of the property described in paragraph 33 above.

All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL,

FOREPERSON OF THE GRAND JURY

SETH B. KOSTO
ASSISTANT U.S. ATTORNEY
DISTRICT OF MASSACHUSETTS

August 5, 2015

Returned into the District Court by the Grand Jurors and filed.

Deputy Clerk

12